ISAAC NEWTON, ETC., *v.* J. B. KENNEDY.

**Guaranty—Scope of Undertaking.**

Where with knowledge that there had been dealings between A. and B., and in anticipation of other expected dealings between them, C., by writing, covenanted with B. to pay or cause to be paid to him any indebtedness that might be incurred by A. to B., it is an undertaking on the part of C. to pay any debts which A. might create with B., regardless of the amount, and C. was not entitled to notice as in case of letters of credit.

APPEAL FROM McCRACKEN CIRCUIT COURT.

September 23, 1873.

OPINION BY JUDGE PETERS:

Impliedly, at least admitting that there had been dealings between Newton and Kennedy, and in anticipation of others expected to transpire between them, appellants, in the writing sued on, covenanted in express terms with appellee, that they would well and truly pay or cause to be paid to him any indebtedness or liability that might have then been incurred by Newton to him, and would pay to appellee any and all liabilities that said Newton might thereafter incur to him.  Indeed, it is an undertaking on the part of appellants to pay to appellee in broad terms any debts that New-

ton should create with him regardless of the amount. Trusting to the discretion of Newton alone as to the amount of liabilities he might place them under, manifesting thereby the utmost confidence in him, and imposing upon themselves the duty of looking to it that he did not abuse their confidence. It might be that if an indebtedness to appellee was created, greatly disproportioned to the means of Newton, the business he was engaged in and the real objects contemplated by the parties, it would amount to a fraud and appellants would not be bound. But that does not appear to have occurred in this case. Nor do appellants allege the facts in their answer sufficient to raise that question.

The reasons for a notice of acceptance when letters of guaranty are given do not apply in this case. In transactions where letters of credit are given, the guarantor is never present, and he is presumed to be and, in fact, must be ignorant of whether the parties actually contract, and if they do, whether the person addressed gave credit to the party recommended on the faith of the recommendation. Such notification is obviously necessary that he may know whether he is bound or not, and that he may be put on his guard and be enabled to protect himself in any contingency.

While in this case the parties knew they were bound, and bound to an unlimited extent, and knew that the credit was given on the faith of their responsibility, notice was therefore unnecessary.

The question of fraud attempted to be raised by the pleadings were not made out and, perceiving no error in the judgment, the same must be *affirmed.*

*Williams, for appellant.*

*Bullock, for appellee.*